## Case No. 943.
### BANK OF UNITED STATES v. WILSON.

[3 Cranch, C. C. 213.] [1]

Circuit Court, District of Columbia. Dec. Term, 1827.

BANKS AND BANKING—PAYMENT OF CHECK— EVIDENCE—PRODUCTION OF ACCOUNT.

1. The defendant had settled his account with the plaintiffs, and paid the balance then claimed. The plaintiffs afterwards changed the entries in their books, so as to show a balance still due to the plaintiffs, and presented him an account thus stated, which the defendant refused to admit or receive as a true statement of his account, but received it only as containing the then aspect of the plaintiff's books. The court refused to compel the defendant to produce that account, at the trial, unless accompanied by the defendant's affidavit of those facts.

2. Payment of a check, by the bank upon which it is drawn, is prima facie evidence of funds; especially when the checks have been surrendered to the drawer.

[Cited in Bank of Alexandria v. McCrea, Case No. 849.]

[See Bank of U. S. v. Washington, Case No. 940.]

Notice had been given by the plaintiffs to the defendant, [James C. Wilson,] to produce his bank-book at the trial. The defendant made affidavit that no bank-book was kept for him, during the transactions; and that he paid the balance demanded of him by the bank. He admits that several years subsequently, changes were made in the entries, in the books of the bank, whereby a balance was made to appear against the defendant; that a statement of the accounts as then appearing, was tendered to the defendant, which he utterly refused to admit or receive, as a true statement of his account, and never did receive the same as such; but received it only, as containing the then present aspect of the books of the bank, and expressly denying that he owed a cent to the bank.

THE COURT ordered the account to be produced, but to be accompanied, if used in evidence, by the defendant's affidavit.

The defendant then demurred to the plaintiffs' evidence, and the plaintiffs joined in demurrer.

The plaintiffs read in evidence, to the jury, the checks drawn by the defendant on the plaintiffs, and by them paid; which checks had been cancelled by the bank, and delivered up to the defendant, upon the settle-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

ment of the account; and which had been produced by the defendant upon notice. The plaintiffs also produced evidence that it was the general practice of the bank, not to pay checks without funds; but that, sometimes, customers overdrew, and their checks were paid without funds.

Mr. C. Cox, for the defendant, contended that acceptance of a bill or draft, is an admission of funds, prima facie; and especially when the draft is surrendered. He cited Vere v. Lewis, 3 Term. R. 182; Chit. Bills, 469, 470, 524.

Mr. Lear, contra, cited Tatlock v. Harris, 3 Term. R. 174.

THE COURT rendered judgment for the defendant, upon the demurrer to the evidence, at May term, 1827.